09-1670-cr
United States of America v. Grant

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of April, two thousand ten.

PRESENT: DENNIS JACOBS,
    <u>Chief Judge</u>,
  GERARD E. LYNCH,
    <u>Circuit Judge</u>,
  JANE A. RESTANI,[*]
    <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

  <u>Appellee</u>,

  -v.-           09-1670-cr

RICHARD A. GRANT,

  <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT: Colleen P. Cassidy, Federal

---

[*] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Defenders of New York, Inc., New York, NY.

**APPEARING FOR APPELLEE:** Carrie H. Cohen (Michael Bosworth, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Richard A. Grant appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (McMahon, <u>J.</u>). This appeal returns to this panel after the district court's clarification of certain factual findings pursuant to the procedure outlined in <u>United States v. Jacobson</u>, 15 F.3d 19, 22 (2d Cir. 1994). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On appeal, Grant challenges the district court's denial of his motion to suppress physical evidence seized from his apartment and his post-arrest oral and written statements. "The standard of review for evaluating the district court's ruling on a suppression motion is clear error as to the district court's factual findings, viewing the evidence in the light most favorable to the government, and <u>de novo</u> as to questions of law." <u>United States v. Rodriguez</u>, 356 F.3d 254, 257 (2d Cir. 2004).

Grant argues that on the facts of the police entry, the district court could not, as a matter of law, determine that the police officers had Grant's implied consent to enter his apartment. "[I]t is well settled that consent may be inferred from an individual's words, gestures, or conduct. Thus a search may be lawful even if the person giving

consent does not recite the talismanic phrase: 'You have my permission to search.'" United States v. Buettner-Janusch, 646 F.2d 759, 764 (2d Cir. 1981) (internal citation omitted). On remand, the district court clarified that the police "officers were outside of the building when they identified themselves to Grant as police officers." Grant responded to the identification and request to talk by admitting the officers into the building and turning toward his apartment. As the officers followed, Grant entered his apartment without impediment or objection to the entry of the police. Grant's conduct during this interaction, coupled with the undisputed absence of force, confirms the district court's conclusion of implied consent. We affirm with respect to the police entry.

Grant further argues that the district court clearly erred in finding that he gave oral consent to the officers to search for a gun after they entered his apartment. "Assessments of the credibility of witnesses are the province of the district court and we are not entitled to overturn those assessments. Where there are two permissible views of the evidence, the court's choice between them cannot be deemed clearly erroneous." United States v. Maldonado-Rivera, 922 F.2d 934, 972 (2d Cir. 1990) (internal citation omitted). Although the district court articulated serious concerns about when and where Grant provided written consent to the search, it explicitly credited Sergeant Murphy's testimony regarding Grant's provision of oral consent. Given the district court's reliance on (i) Murphy's testimony and (ii) Grant's post-arrest statements indicating that he gave oral consent to the search of his apartment, we cannot find clear error in the district court's findings regarding Grant's oral consent.

Having considered all of Grant's arguments on this appeal and finding them to be without merit, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK